**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Donald W. Clarke
Leah M. Eisenberg
David E. Sklar
Katherine R. Beilin
**PASHMAN STEIN WALDER HAYDEN, P.C.**
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Telephone: (201) 488-8200
Email: dclarke@pashmanstein.com
         leisenberg@pashmanstein.com
         dsklar@pashmanstein.com
         kbeilin@pashmanstein.com

*Counsel to the Debtor*

| | |
|---|---|
| In Re:<br><br>DAVID A. SHABSELS,<br><br>      Debtor. | Chapter 11<br><br>Case Number: 26-16530 (CMG)<br><br>Hearing Date: August 25, 2026 at 10:00 a.m.<br><br>Objection Deadline: August 18, 2026 |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO (I)
PAY POSTPETITION INSURANCE PREMIUM AND (II) REIMBURSE MS.
SHABSELS FOR PREMIUM PAYMENT PURSUANT TO SECTIONS 105(a), 363(b)
AND 1107(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004(h)**

The debtor in the above-captioned chapter 11 case (the "Debtor"), by and through his

undersigned counsel, respectfully states the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.      The Debtor seeks entry of an order, substantially in the form annexed hereto as

**Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 363(b) and 1107(a) of the

Bankruptcy Code and Bankruptcy Rule 6004(h) authorizing, but not directing, the Debtor to (i)

pay the postpetition insurance premium under the All State Policy (as defined below) and make

payments under the Insurance Policies (as defined below) that may become due and (ii) reimburse

Susan Shabsels ("Ms. Shabsels") for the payment of the postpetition insurance premium.

2.      The Debtor further requests that the Court waive the 14-day stay of effectiveness

of the order granting this Motion, and direct that the relief granted be effective immediately.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on

June 6, 2025 (Bumb, C.J.) (the "Standing Order").

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor consents

to the entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested herein are sections 105(a),

363(b) and 1107(a) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),

Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

7.      On June 4, 2026 (the "Petition Date"), the Debtor commenced a voluntary case

under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by filing a bankruptcy petition

(the "Petition") with the Court [ECF No. 1]. The Debtor is managing his financial affairs as debtor in possession pursuant to 11 U.S.C. § 1107(a) of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made.

8.      The Chapter 11 Case was filed on an emergent basis coinciding with the filings of SIMAD Holdings, Ltd., et al (Case No. 26-16388) and DAMIS Holdings LLC (Case No. 26-16439).

## BASIS FOR RELIEF

9.      Section 363(b)(1) of the Bankruptcy Code permits a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." "The legal standard applicable to . . . [section] 363(b) . . . is the business judgment test, under which a bankruptcy court will authorize debtor-initiated actions if the debtor shows that 'a sound business purpose justifies' such actions." *City of Rockford v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, Case No. 20-12522-JTD, 2022 WL 906458, at *6 (D. Del. Mar. 28, 2022) (quoting *In re Culp*, 545 B.R. 827, 844 (D. Del. 2016)).

10.      Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.

11.     The Debtor recently secured a new homeowners insurance policy (the "Kingstone Insurance Policy") through Kingstone Insurance Company, by and through its agent, Clearview Insurance Agency, LLC ("Kingstone") on his home located at 66 Sheldrake Road, Scarsdale, New York 10583 (the "Scarsdale Property"). A copy of the insurance binder is annexed hereto as **Exhibit B**. Under the Kingstone Insurance Policy, the annual premium, inclusive of selected optional coverages, is $4,811.00 (the "Kingstone Premium").

12.     On July 16, 2026, Ms. Shabsels inadvertently paid the Premium, plus other miscellaneous fees, in the amount of $4,836.00 to Kingstone using her Chase Visa credit card ending in x0581.

13.     The Debtor also recently received a condominium insurance coverage proposal (the "Allstate Insurance Policy" and, together with the Kingstone Insurance Policy, the "Insurance Policies") from Allstate Insurance Company for his condominium located at 500 W 43rd Street, Apartment 27e, New York, New York 10036 (the "New York Property" and, together with the Scarsdale Property, the "Properties"). A copy of the insurance proposal is annexed hereto as **Exhibit C**. Under the Allstate Insurance Policy, the estimated annual premium, inclusive of additional coverages, is $1,203.28 (the "Allstate Premium").

14.     By way of this Motion, the Debtor seeks authorization to pay the Allstate Premium, reimburse Ms. Shabsels for her inadvertent payment of the Kingstone Premium, and make any other payments that may hereafter become due under the Insurance Policies.

15.     In order for the Debtor to protect his family home and condominium and safeguard assets of the estate, the Debtor must maintain insurance on the Properties. A loss of coverage under

4

the Insurance Policies or even a temporary interruption thereof would be extremely harmful to the safeguarding of the Properties and the Debtor's reorganization efforts.

16.     The Insurance Policies are essential to preserving the value of the Properties and assets contained therein.  Much of the coverage provided by the Insurance Policies is required by regulations, laws and contracts that govern the Debtor's activities.   Furthermore, section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal.

17.     Moreover, the Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees require a chapter 11 debtor to maintain insurance that is required by law or regulation.

18.     Ms. Shabsels should not be disadvantaged by her inadvertent payment of the Kingstone Premium—which is necessary to implement the Kingstone Insurance Policy that the Bankruptcy Code and United States Trustee guidelines require. Rather, the Debtor should be permitted to reimburse Ms. Shabsels so as to rectify the mistake.

19.     For the reasons set forth herein, the Debtor requests the entry of an Order authorizing the Debtor to pay the Allstate Insurance Premium, reimburse Ms. Shabsels for her payment of the Kingstone Premium, and make other payments that may become due under the Insurance Policies.

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004(h)

20.     Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of the 14-day stay under Bankruptcy Rule 6004(h), to the extent that the rule is applicable.

5

**<u>REQUEST FOR WAIVER OF MEMORANDUM OF LAW</u>**

21.     The Debtor respectfully requests that the Court waive the requirements to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), as the legal grounds upon which the Debtor relies are set forth in this Motion and does not raise any novel issues of law.

**<u>CONCLUSION</u>**

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate under the circumstances.

Dated: July 29, 2026                              **PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Donald W. Clarke*
Donald W. Clarke
Leah M. Eisenberg
David E. Sklar
Katherine R. Beilin
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Telephone: (201) 488-8200
Email:  dclarke@pashmanstein.com
        leisenberg@pashmanstein.com
        dsklar@pashmanstein.com
        kbeilin@pashmanstein.com

*Counsel to the Debtor*