**CHAPMAN AND CUTLER LLP**
Michael Friedman (admitted *pro hac vice*)
Jorge Eric Coronel Hamilton (admitted *pro hac vice*)
1270 Avenue of the Americas, 30th Floor
New York, New York 10020
Telephone: (212) 655-2508
friedman@chapman.com
jcoronel@chapman.com

Stephen Richard Tetro II (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 845-3859
stetro@chapman.com

*Co-Counsel to Mishmeret Trust Company Ltd., as Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*

**RIKER DANZIG LLP**
Joseph L. Schwartz
Daniel A. Bloom
John D. Stern
7 Giralda Farms, Suite 250
Madison, New Jersey 07940
Telephone: (973) 538-0800
jschwartz@riker.com
dbloom@riker.com
jstern@riker.com

*Co-Counsel to Mishmeret Trust Company Ltd., as Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>David Arthur Shabsels,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-16530 (CMG)<br><br>Honorable Christine M. Gravelle |

**APPLICATION IN SUPPORT OF CONSENT ORDER EXTENDING TIME TO FILE A COMPLAINT UNDER 11 U.S.C. §§ 523(a)(2), (4), OR (6)**

Mishmeret Trust Company Ltd., as trustee (the "Trustee") for the Series A Bondholders (the "Bondholders") of certain bonds (the "Bonds") issued in December 2025 by SIMAD Holdings Ltd. ("SIMAD Holdings")[1] with the consent of David Arthur Shabsels (the "Debtor"), by Application pursuant to D.N.J. LBR 9019-4(b), hereby requests that the Court enter the attached *Stipulation and Consent Order Extending Time to Object to the Dischargeability of Debt* (the "Consent Order"), and in support therefore respectfully submits as follows:

[1] SIMAD Holdings Ltd. is the lead debtor in related chapter 11 cases pending before this Court being jointly administered as *In re: SIMAD Holdings Ltd. et al.* (Lead Case No. 26-16388) (CMG). As used herein, "SIMAD Debtors" shall mean all debtors in such jointly administered cases.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On June 4, 2026, the Debtor filed a voluntary petition for relief, pursuant to Chapter 11 of title 11 of the United States Code and is a Debtor-in Possession pursuant to 11 U.S.C. §§ 1107 and 1108. To date, no creditors' committee has been appointed in this case.

5. Pursuant to Fed. R. Bankr. P. 4007(c), the current deadline to file a complaint seeking a determination of the dischargeability of debts under 11 U.S.C. § 523(c) is September 15, 2026.

6. This Application is being filed before expiration of that deadline.

7. Mishmeret asserts[2] it is a secured creditor of the SIMAD Debtors, as Trustee for the Bondholders of those Certain Bonds issued by SIMAD Holdings, on the Tel Aviv Stock Exchange, bearing a fixed annual interest rate of seven percent (7%), pursuant to that certain Debentures (Series A) Deed of Trust, dated November 27, 2025 (the "Deed of Trust").

[2] The proposed Consent Order to which this Application relates specifies that nothing contained therein shall constitute (i) an admission by the Debtor regarding liability, the nondischargeability of any debt, or an acknowledgment or admission as to the affirmative statements made therein, including the Whereas clauses therein, (ii) a waiver of any defense available to the Debtor with respect to any adversary proceeding; or (iii) an admission by Mishmeret regarding any issue in dispute.

8. In addition to the Deed of Trust, SIMAD Holdings and certain of the SIMAD Debtors entered into a loan in the original principal amount of up to $195,000,000, evidenced by certain promissory notes (the "Notes"). The Notes and the obligations thereunder are secured by liens and security interests granted pursuant to certain related pledge agreements, mortgages, and a security agreement (collectively with the Deed of Trust and the Notes, the "Loan Documents"). Pursuant to the Loan Documents, the following SIMAD Debtors granted to the Trustee, for the benefit of the Bondholders, liens on and security interests in substantially all of their assets: Intermediate SIMAD I LLC, SIMAD Equities LLC, Achim Landco LLC, BAHS Holdings LLC, Club Getaway Landco, LLC, Country Roads Landco LLC, Mill Road Landco LLC, SHAB Holdings LLC, Green Lane Landco, LLC, Greenvilleland LLC, Lavland LLC, Meadowbrook Landco LLC, Mogenavland LLC, Mohawkland LLC, Rolling Hills Landco LLC, Banner Landco LLC, Island Lake Landco LLC, RDM Camps, LLC, Achim Operatingco LLC, BAHS Operating Inc., Club Getaway Operatingco, LLC, Country Roads Operatingco LLC, Eagle's Landing Day Camp LLC, Shab Operating Inc., Green Lane Operatingco, LLC, Malka Operatingco LLC, Lavco LLC, Meadowbrook Operatingco LLC, Mogenavco LLC, Mohawkcampco LLC, Mohawk Country Day School, Inc., Rolling Hills Operatingco LLC, Banner Operatingco LLC, and Island Lake Campco LLC (collectively, the "Grantor Debtors" and together with SIMAD Holdings, the "SIMAD Obligors").

9. As of the date of the Debtor's and the SIMAD Debtors' bankruptcy filings (i.e., June 4, 2026 (the "Petition Date")), the SIMAD Obligors were jointly and severally indebted to the Trustee, for the benefit of the Bondholders, in the aggregate principal amount of not less than $224,461,224, plus accrued and accruing interest, fees, costs, and other charges.

10. The Trustee has alleged that the Debtor and his brother Michael Aaron Shabsels[3] (together, the "Controlling Shareholders") exercised control over the management, operations, and financial affairs of the SIMAD Obligors, including by executing the Deed of Trust and certain other Loan Documents on behalf of SIMAD Holdings.

## CAUSE EXISTS FOR AN EXTENSION

11. Mishmeret asserts that it may possess claims against the Debtor that could be excepted from discharge under one or more provisions of 11 U.S.C. § 523, including, without limitation, Section 523(a)(2), Section 523(a)(4), and/or Section 523(a)(6).

12. Mishmeret acknowledges that its collateral has been subject to a sale process in the jointly administered cases of the SIMAD Debtors and that, if the collateral is sold for a sufficient price, which results in full satisfaction of Mishmeret's claim, Mishmeret will have no basis to seek a nondischargeability judgment against the Debtor.

## RELIEF REQUESTED

13. Mishmeret and the Debtor respectfully request that the Court enter the attached Consent Order if no objections are filed thereto, extending the deadline for Mishmeret to file a complaint seeking a determination of the dischargeability of any debt owed by the Debtor under 11 U.S.C. § 523(a)(2), (4), or (6), from September 15, 2026, through and including November 16, 2026.

---

[3] Michael Aaron Shabsels has a pending chapter 11 case before this Court captioned *In re: Michael Aaron Shabsels* (Case No. 26-16529) (CMG).

[Continued on next page]

## CONCLUSION

**WHEREFORE**, based on all the foregoing reasons, Mishmeret respectfully requests that the Court enter the Consent Order, and grant such other and further relief as the Court deems just and proper.

September 14, 2026
Madison, New Jersey

**RIKER DANZIG LLP**

By: */s/ Joseph L. Schwartz*
Joseph L. Schwartz
Daniel A. Bloom
John D. Stern
7 Giralda Farms, Suite 250
Madison, New Jersey 07940
Telephone: (973) 538-0800
jschwartz@riker.com
dbloom@riker.com
jstern@riker.com

-and-

**CHAPMAN AND CUTLER LLP**
Michael Friedman (admitted *pro hac vice*)
Jorge Eric Coronel Hamilton (admitted *pro hac vice*)
1270 Avenue of the Americas, 30th Floor
New York, New York 10020
Telephone: (212) 655-2508
friedman@chapman.com
jcoronel@chapman.com

Stephen Richard Tetro II (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 845-3859
stetro@chapman.com

*Co-Counsel to Mishmeret Trust Company Ltd., as Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*