**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Sue L. Chin
Borges & Associates, LLC
575 Underhill Blvd., Ste. 118
Syosset, NY 11791
Tel: (516) 677-8200
Fax: (516) 677-0806
schin@borgeslawllc.com

*Counsel to IOU CENTRAL INC. d/b/a IOU FINANCIAL*

In re:

DAVID ARTHUR SHABSELS,

Debtor.

Chapter 11

Case No. 26-16530 (CMG)

IOU CENTRAL INC. d/b/a
IOU FINANCIAL,

Plaintiff,

vs.

DAVID ARTHUR SHABSELS,

Defendant.

Adv. Pro. **See Summons**

**ADVERSARY COMPLAINT TO DETERMINE**
**<u>DISCHARGEABILITY OF DEBTS</u>**

Plaintiff IOU CENTRAL INC., d/b/a IOU FINANCIAL ("IOU") as and for its complaint to determine the dischargeability of a debt owed to IOU by DAVID ARTHUR SHABSELS, ("Debtor" or "David Shabsels") sets forth as follows:

## PARTIES, JURISDICTION, AND VENUE

1. On June 4, 2026 (the “Petition Date”), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"), thereby initiating the above-captioned bankruptcy case.

2. IOU is a Delaware corporation.

3. Plaintiff is a creditor of the Debtor within the meaning of 11 U.S.C. § 101(10).

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

5. Venue is proper pursuant to 28 U.S.C. § 1409 because the bankruptcy case of the Debtor is pending in this district.

6. All conditions precedent to this action have been performed, have occurred or have been waived.

## GENERAL ALLEGATIONS

### The IOU Agreement

7. In or around February 2026 the Debtor and his brother, Michael Aaron Shabsels (together “the Shabsels Brothers”) engaged in discussions with Plaintiff regarding the potential issuance of loans for an insider entity, BAHS Operating Inc., d/b/a Camp Chen-a-Wanda (“BAHS”). A Term Sheet was signed on or about February 19, 2026. Annexed hereto and made a part hereof as **Exhibit “A”** is a true copy of said Term Sheet.

8. Between February and April 2026, Plaintiff engaged in due diligence regarding the potential loans. This due diligence included, without limitation, reviewing bank records and public filings regarding BAHS, 90 Pleasant Valley Street Leasing LLC, another entity owned by the Shabsels Brothers and the 2024 tax return filed by BAHS, which included the K-1 Schedule for David Shabsels. These financial documents were provided to IOU to assure it that BAHS and the Shabsels Brothers were solvent and creditworthy. 90 Pleasant Valley Street Leasing LLC, another entity owned by the Shabsels Brothers cross-guaranteed the loan. The 2025 tax return of BAHS was never provided to Plaintiff. Nor were any personal financial records of either of the Shabsels Brothers provided to Plaintiff. However, each of the Shabsels Brothers represented to IOU that both BAHS and the Shabsels Brothers were solvent and that the 2024 tax return and K-1 were proof of that solvency.

9. Approximately 45 days prior to the Petition date, on or about April 21, 2026, IOU and BAHS entered into a business loan and security agreement, coupled with a Promissory Note for the sum of $388,500.00 (the "IOU Agreement"). The IOU Agreement is known as "Contract Number 468488. A true copy of the IOU Agreement is attached hereto and made a part hereof as **Exhibit "B**.

10. The IOU Agreement provides for IOU to issue a loan in the principal amount of $388,500.00 to BAHS, to be repaid (with interest) in 66 weekly payments of $7,583.34 each.

11. The IOU Agreement was signed on behalf of BAHS by Michael Shabsels. David Shabsels personally guaranteed the payments for Contract 468488, the IOU Agreement. A true copy of the Personal Guaranty signed by David Shabsels is attached hereto and made a part hereof as **Exhibit "C".**

12. Following execution of the Agreement, Plaintiff funded the net loan amount, $341,250.00, to BAHS.

13. Section 6 of the IOU Agreement states in pertinent part, that a Default under the Agreement would occur if "…(vi) the Borrower takes additional financing from a credit card advance, cash advance company, merchant cash advance or an additional working capital loan during the term of this Loan…"

14. Section 21of the IOU Agreement granted a security interest to IOU to secure the repayment of the loan. In addition to the granting of the security interest, Section 21 states in pertinent part, "Borrower shall not perform or fail to perform any act which impairs the Collateral, …"

15. The Personal Guaranty guaranteed all the obligations of BAHS
**including**

> "all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Interest Expense; (ii) the Extension Fee in the Note; (iii) Late Charges, (iv) Insufficient Funds Charges; (v) the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note; (vii) any amounts owed as a consequent of a declared Event of Default and acceleration by Lender; and (vii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees and the costs of any court arbitration proceeding to enforce the Note against Borrower."

16. By signing the Personal Guaranty, David Shabsel agreed to all of the provisions in the IOU Agreement, in particular, the provisions contained in Sections 6 and 21 of the IOU Agreement.

17. David Shabsels signed the Personal Guaranty at a time when the Shabsels

Brothers were already negotiating additional working capital loans for other entities which they owned and planned to sign equally uncollectible promissory notes.

18. In addition, David Shabsels signed the Personal Guaranty at a time when the Shabsels Brothers already were in negotiations to grant security agreements to subsequent lenders which security agreements would impair the Collateral granted by BAHS to IOU.

19. Notwithstanding the representations of David Shabsels as to the solvency of BAHS and himself personally, the Debtor filed chapter 11 petitions personally, on behalf of BAHS and other Shabsels controlled entities. Those petitions are jointly administered under *In re Simad Holdings, LLC*, Lead Case No. 26–16388–CMG (together, the "SIMAD Cases"). Those petitions were filed approximately 45 days after the IOU Agreement was signed and the IOU loan was funded.

20. On June 4, 2026, 90 Valley Pleasant Leasing LLC, the cross-corporate guarantor of the IOU Agreement and loan, filed its chapter 11 proceeding, Case No. 26-16490. That petition is one of 90 Shabsels affiliated Debtors whose petitions are jointly administered under *In re Damis Holdings, LLC,* Lead Case No. 26-16439. Those petitions were filed approximately 45 days after the IOU Agreement was signed and the IOU loan was funded.

21. The petitions filed by BAHS and David Shabsels reflect that each of those entities was insolvent at the time of filing.

22. Upon information and belief, BAHS and David Shabsels were each hopelessly insolvent at all relevant times, including from February 2026 forward.

23. For example, the declaration of the Chief Restructuring Officer in the SIMAD Cases, Assad Ravid, states that the Debtor and Shabsel Entities owed certain Israeli certificates

of indebtedness in the approximate amount of $211.6 million, which were secured by collateral, and that the Shabsels Entities defaulted in making the first interest payment due on May 31, 2026. [Dkt. No. 7-1 in Case No. 26–16388–CMG]. Thus, the Debtor and Shabsels Entities defaulted on over $211 million in debt on May 31, 2026, just weeks after executing the IOU Agreement with Plaintiff.

24. Representations as to solvency made by the Debtor between February and April 2026 were false. Upon information and belief, David Shabsels, BAHS and the other Shabsels Entities were each insolvent and contemplating filing for bankruptcy as of February and April 2026.

25. Upon information and belief, David Shabsels executed the Personal Guaranty without having any intent to repay Plaintiff in full.

26. The IOU Agreement is in default, and the Plaintiff cannot collect on the amounts owing because, upon information and belief, all borrowers and guarantors thereunder have filed for bankruptcy.

27. David Shabsels has filed his Schedules and IOU is not listed as a creditor on those schedules despite the clear evidence that the Personal Guaranty was signed by David Shabsels.

**Count I (Dischargeability of Debts Under 11 U.S.C. § 523(a)(2)(A)**

28. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 as if fully stated fully herein.

29. David Shabsels made false representations with intent to deceive Plaintiff.

30. The Debtor knew such representations were false at the time they were made.

31. The Debtor made the representations with the intent and purpose of deceiving Plaintiff so as to obtain loans for BAHS.

32. Plaintiff reasonably relied on the Debtor's representations in agreeing to fund the IOU loan to BAHS, an entity controlled by the Shabsels Brothers.

33. Plaintiff has sustained damages as a proximate result of the Debtor's misrepresentation.

**Count II (Dischargeability of Debts Under 11 U.S.C. § 523(a)(2)(B)**

34. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 33 as if fully stated fully herein.

35. The Shabsels Brothers presented bank statements and tax returns which gave the impression that the Debtor and at least two related companies/insiders were solvent at the time of the IOU Agreement.

36. The Debtor knew such representations were false at the time they were made.

37. The Debtor made the representations with the intent and purpose of deceiving Plaintiff so as to obtain loans for BAHS.

38. Plaintiff reasonably relied on the Debtor's representations in agreeing to fund the IOU loan to BAHS, an entity controlled by the Shabsels Brothers.

39. Plaintiff has sustained damages as a proximate result of the Debtor's misrepresentation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Debtor (1) determining the debt owed by David Shabsels pursuant to the IOU Agreement and Personal Guaranty signed by David Shabsels, to be non-dischargeable under 11 U.S.C. §§

523(a)(2)(A) and (B) and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 15, 2026

By: */s/ Sue L. Chin*

Sue L. Chin, Esq.
Wanda Borges, Esq.
Borges & Associates, LLC
575 Underhill Blvd., Suite 118
Syosset, New York 11791
T: (516) 677-8200 x224
F: (516) 677-0806
schin@borgeslawllc.com
wborges@borgeslawllc.com