# EXHIBIT "C"

IOU Financial
Business Lending. Simplified.

**IOU CENTRAL INC.**
**PERSONAL GUARANTY**

This Personal Guaranty ("Guaranty") is effective on the Effective Date set forth below when received by IOU Central Inc. 600 TownPark Lane, Suite 100 Kennesaw, GA 30144 ("Lender" or "we") at its office.

Guarantor Name: DAVID SHABSELS ("Guarantor" or "you")
Guarantor Address: 60 CARTHAGE RD SCARSDALE, NEW YORK, 10583
Guarantor Home Phone:
Guarantor Cell Phone: 570-756-2016
Guarantor Email: dshabsels@gmail.com
Borrower Whose Commercial Loan Obligation is Guaranteed: BAHS OPERATING INC.
Commercial Promissory Note Number: 468488
Original Principal Amount of Guaranteed Debt: $350,000.00
Effective Date of Guaranty: Mar-17-2026

This Guaranty governs the terms and conditions of Guarantor's guaranty of the Promissory Note for Commercial Loan ("Note") obtained by Borrower from Lender, unless otherwise provided in the above referenced Note. Guarantor understands that Lender, or anyone who takes assignment of the Note evidencing Borrower's obligation to Lender, may enforce this Guaranty. For convenience, Lender and any assignee of the Note and this Guaranty are referred to as "Lender." This Guaranty incorporates the Note.

Borrower made certain obligations to Lender under the Note which you are guaranteeing under this Guaranty ("Guaranteed Obligations"). If Borrower defaults on its obligations, and you fail to satisfy the Guaranteed Obligations, then your default under this Guaranty may become a part of your consumer report file.

**1. GUARANTEED OBLIGATIONS**

Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Interest Expense; (ii) the Extension Fee in the Note; (iii) Late Charges, (iv) Insufficient Funds Charges; (v) the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note; (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower.

**2. UNCONDITIONAL GUARANTY**

In consideration of the loan made by Lender to Borrower, Guarantor hereby absolutely and unconditionally guarantees the Guaranteed Obligations when due under the terms of the Note. Guarantor will satisfy the Guaranteed Obligations in full, without setoff or counterclaim, upon Lender's demand.

This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that might otherwise constitute a defense to this Guaranty.

Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Obligations and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Obligations.

**3. CONTINUING GUARANTY**

This Guaranty is a continuing and irrevocable guaranty of the Guaranteed Obligations and shall remain in full force and effect until the Guaranteed Obligations are satisfied in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Obligations are rescinded, or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise, this Guaranty shall: (i) bind Guarantor and Guarantor's estate, executors, administrators, heirs, successors, and assigns, provided that Guarantor may not assign its rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assigns.

**4. SUBORDINATION OF BORROWER OBLIGATIONS TO GUARANTOR**

Guarantor subordinates the payment of all obligations and indebtedness of Borrower owing to Guarantor, whether now existing or hereafter arising, to the satisfaction in full of the Guaranteed Obligations to Lender. In the event that acceleration under the Note is stayed, upon the insolvency or bankruptcy of Borrower, or otherwise, the Guaranteed Obligations shall nonetheless be immediately due by Guarantor.

**5. GUARANTOR'S WAIVER OF SUBROGATION RIGHT**

Guarantor waives, and agrees not to exercise, any right of subrogation, contribution, or similar rights with respect to any obligations Guarantor is obligated to fulfill under this Guaranty until the entire Guaranteed Obligations are satisfied. Any amounts paid to Guarantor by Borrower in violation of the foregoing limitation will be held, in trust, by Guarantor for Lender's benefit, and shall be immediately paid to Lender to reduce the amount of the Guaranteed Obligations, whether matured or unmatured.

**6. GUARANTOR FINANCIAL INFORMATION**

Until the Guaranteed Obligations are fully satisfied, Guarantor will promptly furnish to Lender any and all financial, or other information, regarding Guarantor or Guarantor's assets and property, whether personal or real, as Lender may request in writing.

**7. LENDER'S COSTS AND EXPENSES OF ENFORCING THIS GUARANTY**

If any obligation required under this Guaranty is not received when due, or upon another Event of Default as determined by Lender in its sole discretion, and without notice of any kind to Guarantor, unless expressly required by applicable law, then, at Lender's option, the following will become immediately due and payable without notice of dishonor or presentment, including but not limited to: (i) the whole of the Principal sum of the Note, (ii) Note Interest, Default Interest, Late Charges, and all other sums as provided for in the Note including the Loan Guarantee Fee, (iii) all sums advanced and costs and expenses incurred by Lender in connection with this Loan, including attorneys' fees equal to 15 percent of the principal and any interest then owed, and any other costs incurred by Lender in enforcing Guarantor's obligations under this Guaranty, and iv) Lender shall have recourse as set forth in the Note as to all Collateral/property secured under the Guaranty and Security Agreement.

**8. WAIVER OF NOTICES**

Guarantor and all others who become liable for the payment of all or any part of the amounts due under the Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment, and all other notices of any kind, except for notices expressly provided for in this Guaranty; and (iii) any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full. No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty or the right of Lender to take further action without further notice to Guarantor.

**9. WAIVER OF REQUIREMENT THAT LENDER FIRST SEEK COLLECTION FROM BORROWER**

GUARANTOR WAIVES ANY REQUIREMENT THAT LENDER FIRST SEEK SATISFACTION OF THE BORROWER'S OBLIGATIONS AGAINST BORROWER, OR OTHERWISE EXHAUST ANY RIGHT OR REMEDY, OR TO TAKE ANY OTHER ACTION AGAINST BORROWER, BEFORE EXERCISING AND ENFORCING ITS RIGHTS UNDER THIS GUARANTY. TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW, GUARANTOR FURTHER WAIVES ANY RIGHT TO SERVE NOTICE ON LENDER REQUIRING LENDER TO TAKE SUCH ACTIONS.

**10. GEORGIA GOVERNING LAW**

Unless prohibited by applicable law, this Guaranty shall be governed by and construed, applied, and enforced in accordance with the laws of the State of Georgia without regard to principles of conflicts of law, including the perfection, the effect of perfection and the priority of a security interest in the collateral for the Note in accordance with the Uniform Commercial Code and other applicable law.

**11. DISPUTE RESOLUTION/CHOICE OF FORUM**

Jurisdiction. Guarantor acknowledges that: (i) this Guaranty is effective when received by Lender at its offices in Kennesaw, Georgia; (ii) Lender completed its underwriting process concerning Guarantor at its offices in Kennesaw, Georgia; and (iii) Guarantor's obligation under this Guaranty upon the happening of an Event of Default under the Note and/or Guaranty, will be deemed satisfied when full satisfaction of the Guaranteed Obligations are received by Lender at its offices in Kennesaw, Georgia.

Guarantor acknowledges that the signing of this Guaranty is a culmination of a series of acts carried on in Georgia. Guarantor acknowledges that in the event of litigation arising under this Guaranty, that litigation in Georgia spares the Guarantor the costs of transporting Georgia evidence elsewhere. Guarantor agrees that the State of Georgia is the most convenient forum for suit, as it relates to this Guaranty.

Each Party agrees that a "dispute" is any claim in contract, tort, statute or otherwise between Parties, arising out of or relating to the rights and obligations set forth in this Guaranty. "Dispute" includes any disagreement over the interpretation and scope of this agreement to arbitrate, or the arbitrability of the dispute itself. Except as provided below, any and all claims, lawsuits or disputes of any kind between the parties arising out of or relating to this Guaranty (a "Dispute") shall be instituted in and resolved by a state or federal court in the State of Georgia, or by arbitration as provided in the Note.

Each Party hereby knowingly, intentionally, voluntarily, and irrevocably, with and upon the advice of counsel, (a) submits to personal jurisdiction in the State of Georgia over any suit, action or proceeding by any person arising from or relating to this Guaranty, (b) agrees that

any such action, suit or proceeding may be brought in and resolved by a state or federal court in Cobb County, Georgia, or at the sole option and discretion of Lender, in any state or federal court of competent jurisdiction in the county where the collateral, a Borrower, Guarantor, or other party to the action, suit or proceeding is located, (c) submits to the jurisdiction of each such court in any such suit, action or proceeding and, (d) waives any objection that it may have to the laying of venue of any such action, suit, or proceeding in any of such courts. Each party waives any challenge to the jurisdiction or venue of such courts over such claims, lawsuits, or disputes.

Waiver of Jury Trial Action / Class Action. LENDER, BY ACCEPTANCE HEREOF, AND GUARANTOR BY EXECUTION HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY, TO THE EXTENT PERMITTED BY APPLICABLE LAW.

Arbitration.

PLEASE REVIEW THIS SECTION CAREFULLY, AS IT INCLUDES WAIVERS OF CERTAIN LEGAL RIGHTS, INCLUDING THE RIGHTS TO HAVE JURIES OR COURTS RESOLVE DISPUTES, TO SERVE AS A PRIVATE ATTORNEY GENERAL OR IN A REPRESENTATIVE CAPACITY, AND TO PARTICIPATE IN A CLASS ACTION LAWSUIT.

Lender and Guarantor agree that upon a demand from Lender or Guarantor at any time, any Dispute will be resolved by binding arbitration, and judgment upon the award rendered by the arbitrator may be entered into any court having jurisdiction thereof. The term “Dispute” shall have the broadest possible meaning. “Dispute” includes any claim in contract, tort, statute, or otherwise between the Lender, the Guarantor, and/or the Borrower arising out of or relating to the rights and obligations set forth in this Guaranty or the Note. “Dispute” includes any disagreement over the interpretation and scope of this Arbitration clause and/or the arbitrability of the Dispute itself. This Arbitration clause applies to the parties in the Guaranty and their heirs, successors, assigns, and third parties related to any Dispute.

To demand arbitration, Lender or Guarantor must send the other party, by certified mail, a written notice of intent to arbitrate. If Lender and Guarantor do not reach an agreement to resolve the Dispute within thirty (30) days after the notice is received, during which time the parties agree any applicable statute of limitation shall be tolled, Lender or Guarantor may commence an arbitration proceeding with New Era ADR (“New Era”) before a single arbitrator under the New Era Expedited Arbitration rules (“New Era Rules”) or JAMS Inc. (“JAMS”) before a single arbitrator under the JAMS Streamlined Arbitration Rules & Procedures (“JAMS Rules”). Upon request, Lender will promptly reimburse Guarantor for any arbitration filing fee exceeding the amount required to file a lawsuit concerning the Dispute in state court. Any fees required for arbitration will be allocated according to rules of the New Era or JAMS proceeding, whichever is applicable. The arbitrator may limit pre-hearing discovery in accordance with the applicable New Era Rules or JAMS Rules. Any in-person hearing will be conducted at a location that is reasonably convenient to both parties, as determined by the arbitrator. The arbitrator may award the same damages as a court, including but not limited to reasonable attorney fees and expenses, if allowed by law.

Lender and Guarantor agree that by entering into this Guaranty they are waiving the right to trial by jury. Further, Lender or Guarantor may bring claims against one another only in their individual capacity and not as part of any purported class action, a private attorney general action, or any other representative proceeding. Lender and Guarantor also agree that the arbitrator may not consolidate proceedings for more than one person’s claims and may not

otherwise preside over any form of representative or class proceeding. If the preceding prohibition against consolidated, class, or aggregated claims is found unenforceable, then the entirety of this Arbitration Agreement (except for this sentence) will be null and void.

This transaction involves interstate commerce, so the Arbitration Agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and not by any state law regulating the arbitration of disputes. The arbitrator must apply substantive law consistent with the FAA. The arbitrator must follow statutes of limitation and privilege claims. Any arbitration decision is final and binding except to the extent that an appeal may be made under the FAA. Any arbitration decision rendered pursuant to this Arbitration Agreement may be entered and enforced in any court with jurisdiction. Except as required by law or for the purpose of entering the arbitration decision in court, no party or arbitrator may disclose the existence, content, or results of the arbitration.

Both parties may use lawful self-help remedies. This includes any lawful set-off or repossession and sale of any product, item, collateral, or security (if any) that is part of the transaction. Both parties may seek remedies in furtherance of the agreement to arbitrate which do not claim money damages. This includes equitable individual relief in furtherance of the agreement to arbitrate, pre-judgment seizure, injunction(s), or equitable relief.

This Arbitration Agreement will remain effective unless the parties sign an agreement stating it is not or unless the Guarantor opts out as allowed below. The Arbitration Agreement remains effective even if Guarantor or Borrower rescinds the transaction, defaults, renews, prepays, or pays in full. It remains effective if the Note is discharged through bankruptcy and remains effective despite the Note's termination, amendment, expiration, or performance.

Guarantor may opt out of this Arbitration Agreement by sending Lender a notice that Guarantor does not want the Arbitration Agreement to apply to this the Note. For any opt out to be effective, Guarantor must send an opt out notice to the following address by registered mail within 30 days after the date of the Note: IOU Financial, 600 TownPark Lane, Suite 100 Kennesaw, GA 30144, Attention: Arbitration Opt Out.

**12. LIMITATIONS ON ARBITRATION**

Class Actions. All Jury Trial Action/Class Action claims resolved by arbitration will be arbitrated on an individual basis. There will be no right or authority for any claims to be arbitrated on a class action basis or on bases involving claims brought in a purported representative capacity on behalf of the general public, other borrowers or guarantors or other persons similarly situated.

The arbitrator's authority is limited to claims between the Guarantor, the Lender, and the Borrower. Claims of other parties may not be joined or consolidated unless you and we agree in writing. An arbitration award and any judgment confirming it will apply only to the specific case and cannot be used in any other case except to enforce the award.

Rights to Collateral. Nothing in this agreement shall be construed to prevent any party's use of repossession, replevin, judicial foreclosure or any other prejudgment, provisional or other remedy relating to any collateral, security or property interests for contractual debts now or hereafter owed by either party to the other under this agreement. Neither a resort to such prejudgment or provisional remedies, nor the filing of any claim or action with a court of law shall constitute waiver of either party's rights to arbitrate. With respect to any claims covered by this agreement, a party who has asserted a claim in a lawsuit or in any action for replevin in court may elect arbitration or may be required to arbitrate, with respect to any claim(s) subsequently asserted in that lawsuit by that party or any other party or parties. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. The obtaining of an arbitral award, provisional judgment, or decree on the Guaranty, whether in court or

elsewhere, shall not in any manner affect the lien of the security agreement upon the property covered hereby, any award, judgment or decree so obtained shall be secured to the same extent as the Note is secured. The parties agree that by virtue of filing a civil action involving any Dispute does not preclude any party to later opt for submission to arbitration within the time limits as contemplated above. Nothing herein will limit the right of a party, however, to seek a temporary restraining order or other provisional remedy to preserve the status quo or to prevent irreparable harm. This agreement to arbitrate shall survive any termination, payoff or transfer of the rights and obligations set forth in this Agreement. If any part of this agreement to arbitrate is deemed or found to be unenforceable for any reason, the remainder remains enforceable.

**13. NOTICES**

All notices permitted or required under this Guaranty shall be effective only if in writing addressed to the addressee Party. Any changes of address shall be provided promptly to the other Party. Notice shall be deemed to have been given and received when actually received, but in no event later than: (i) the date delivered to the Party by messenger; (ii) one business day after e-mailing; (iii) five business days after mailing within the United States by certified or registered mail; (iv) two business days after the date deposited with an overnight courier for next day delivery; or (v) one business day after transmission by facsimile. Any notice to Guarantor will be provided at the address, facsimile number, or email address shown at the beginning of this Guaranty. Any notice to Lender will be provided at the address shown in the first paragraph of this Guaranty, or the address of any subsequent assignee of the Note and this Guaranty.

**14. NO WAIVER OF REMEDIES**

No failure by Lender to exercise, and no delay in exercising, any right, remedy, or power hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy or power hereunder preclude any other or further exercise thereof or the exercise of any other right. These remedies provided are cumulative and not exclusive of any remedies provided by law.

**15. FINAL AGREEMENT**

This Guaranty constitutes the final agreement of Guarantor and Lender with regard to this Guaranty. This Guaranty may not be modified, amended, waived, extended, changed, discharged, or terminated by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing executed by Guarantor and Lender.

**16. SEVERABILITY**

A determination that any provision of this Guaranty is invalid or unenforceable shall not affect the validity or enforceability of any other provision. The remaining provisions of this Guaranty shall remain operative and in full force and effect and shall not be affected by such determination.

**17. CREDIT REPORTING**

Guarantor authorizes Lender to obtain consumer reports on Guarantor at any time before the Note is paid in full. Guarantor acknowledges that its performance and/or default under this Guaranty may be reported by Lender to consumer reporting agencies.

**18. ELECTRONIC CONTRACTING AGREEMENT**

Guarantor agrees that this Guaranty is an electronic record executed using an electronic signature. Guarantor agrees that, by executing this Guaranty with an electronic signature,

Guarantor is signifying an intent to enter into this Guaranty and that this Guaranty is legally valid and enforceable in accordance with its terms to the same extent as if it had been executed using Guarantor's written signature. Guarantor agrees that Lender's decision to issue the Note/Loan to Borrower is conditional and contingent upon Guarantor executing this Guaranty, and Guarantor agrees that Lender's deposit of the Loan Amount (as defined in the Note) into Borrower's designated bank account shall constitute acceptance of the terms of this Guaranty.

**19. NO ASSIGNMENT BY GUARANTOR**

Guarantor may only assign its rights and obligations under this Guaranty with Lender's written agreement. This provision is otherwise subject to the corresponding provisions in the Note.

**20. NOTICE TO GUARANTOR**

By executing this Guaranty, you will be required to satisfy the Guaranteed Obligations described above if Borrower defaults on its obligation under the Note. You should consider this undertaking carefully and should consider consulting with counsel before executing this Guaranty. If Borrower does not satisfy the Guaranteed Obligations, you must do so.

**In the event of a Default, as defined in the Note, Lender may satisfy the Guaranteed Obligations from you without first trying to satisfy the Guaranteed Obligations from Borrower.**

Lender may use the same enforcement methods against You as may be used against Borrower including, but not limited to, pursuing recovery through litigation and/or arbitration, enforcing the court judgment or arbitrator's award in a court of competent jurisdiction to satisfy recover the Guaranteed Obligations through garnishment, or other permitted processes or methods.

BY SIGNING BELOW GUARANTOR, BY ITS AUTHORIZED REPRESENTATIVE, AGREES TO BE BOUND BY THE TERMS OF THIS GUARANTY AND VERIFIES THAT THE INFORMATION PROVIDED BY THEM AS TO THIS GUARANTY IS TRUE AND CORRECT, WHICH THEY READ, UNDERSTAND AND AGREED TO BY THEIR BELOW AUTHORIZED ELECTRONIC AND/OR WET INK SIGNATURE UNDER 28 U.S.C. §1746, AND HAS SIGNED, SEALED, AND DELIVERED THIS GUARANTY.

Guarantor Representative: BAHS OPERATING INC.

DAVID SHABSELS

Signature: David Shabsels
David Shabsels (Mar 23, 2026 13:17:08 EDT)

Date Executed: Mar-17-2026

*REVISED 7/2025*

# Personal_Guaranty_Agreement_-_468488_20260317155149746

Final Audit Report 2026-03-23

| | |
|---|---|
| Created: | 2026-03-17 |
| By: | Danielle Johnson (djohnson@ioufinancial.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1rV69diJ5tGWzLMeRzKu9OB6SYckuR5H |

## "Personal_Guaranty_Agreement_-_468488_20260317155149746" History

Document created by Danielle Johnson (djohnson@ioufinancial.com)
2026-03-17 - 7:54:19 PM GMT

Document emailed to dshabsels@gmail.com for signature
2026-03-17 - 7:54:23 PM GMT

Email viewed by dshabsels@gmail.com
2026-03-23 - 5:16:45 PM GMT

Signer dshabsels@gmail.com entered name at signing as David Shabsels
2026-03-23 - 5:17:06 PM GMT

Document e-signed by David Shabsels (dshabsels@gmail.com)
Signature Date: 2026-03-23 - 5:17:08 PM GMT - Time Source: server

Agreement completed.
2026-03-23 - 5:17:08 PM GMT